IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**FILED**
JUN 23 2010
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) CRIMINAL NO. 10-30012-MJR |
| THOMAS E. LOWERY, | ) |
| Defendant. | ) |

## FACTUAL STIPULATION

The parties hereby stipulate that, if this case had proceeded to trial, the Government would have proven the following beyond a reasonable doubt:

1. Between August 28, 2008, and April 22, 2009, the defendant resided at 205 Victory Drive, East Alton, Illinois, in Madison County, Illinois, within the Southern District of Illinois.

2. In three separate FBI undercover investigations from August 19, 2008, through November 24, 2008, involving Limewire, the IP address 24.178.234.135 was associated with offering files to share that contained images of child pornography. A subpoena was sent to Charter Communications regarding this IP address. The subpoena indicated that the defendant was the subscriber of IP address 24.178.234.135.

3. Based on this information, FBI Special Federal Officer (SFO) Dave Vucich obtained a federal search warrant for Lowery's residence. The warrant was executed on April 22, 2009. A Western Digital 320 gigabyte hard drive, bearing serial number WMAV24522150, was one of the objects seized from the home. A forensic review of the hard drive revealed that it contained approximately 4,200 images and 150 video files containing images of child pornography. Many of the images contained prepubescent children who had not yet reached the age of 12. The hard drive also contained approximately 230 images of bestiality involving both adults and children.

4. The video files contained bondage videos as well as videos of adults and/or minors engaged in sexual acts with animals.

5. The review of the computer also noted that there were approximately 1,351 files containing child pornography in the defendant's shared folder which was used with file sharing programs.

6. According to NCMEC, several of the children depicted in the images of child pornography that were recovered from the defendant's hard drive have been identified as known victims by law enforcement officers.

7. The defendant provided a voluntary statement to agents on April 22, 2009, after waiving his *Miranda* rights. Lowery stated that his brother, D. Lowery, rents the home at 205 Victory Drive, but that he had lived there with his brother for about seven to eight years. Lowery confirmed that Charter Communications was the internet service provider for the home, and stated that the account was in his name. He said that the bedroom that he had been found in at the time the officers entered the residence was his, and that no one else stayed in the room. He said that the computer in the room was his, and that he had owned it for approximately three years. Lowery told the officers that no one else in the home used his computer except on rare occasions. He said that his daughter would sometime use his computer to access her MySpace page. He indicated that the computer found in the kitchen belonged to his brother, and that he never used that computer. When asked if he knew what peer to peer software was, the defendant responded, "This is about Limewire, isn't it?" When the agent replied that it was, the defendant stated, "If this is about child pornography, my brother has no idea." He also indicated that another individual who sometimes lived at the residence, D.R., never used his computer either. The defendant acknowledged that there would be images of child pornography on his computer, consisting of both files and videos. He told

2

the agents that he had been downloading child pornography since he began using Limewire approximately 18 months prior. He said that he was chatting online with an individual about bestiality when this individual mentioned that he should try Limewire.

The defendant told the agents that, once he downloads an item, he view it. If he decides to keep the item, he places it in an elaborate folder structure that he created. He informed the agents that all of the folders he created were within the folder structure under "My Documents." He stated that he would also place them in his "my pictures" and/or "my videos" folders. The defendant advised the agents that he preferred children from three years old to the mid-teen years. He stated that he is only into females, and that he masturbates to the images to fulfill his sexual urges. He told the agents that he does not fully trust women, and that was why he viewed the images. Lowery informed the agents that there would be a large mixture of child and adult pornography on his computer with it being "a little heavy on the child side." He advised that there were two folders that contained images of bestiality. He stated that all of his child pornography had been downloaded using Limewire.

8. Agents also interviewed the defendant's brother on April 22, 2009. He agreed to provide a voluntary statement after being advised that he was not under arrest and was free to leave at any time. D. Lowery stated that the defendant stayed in the main bedroom of the house and that he slept on the couch in the living room. He confirmed that only the defendant used the computer located in the defendant's bedroom and that only he used the computer found in the kitchen. He told the agents that neither person used the other person's computer. He told the agents that the defendant viewed pornography approximately six to eight hours daily in his bedroom with the door closed, and that the audio of the pornographic videos were audible throughout the house. He stated that he had never seen the defendant viewing child pornography but then stated, "I am not surprised."

The brother would not elaborate on this comment. Finally, D. Lowery stated that he did not use any file sharing programs on his computer.

    9. On March 29, 2009, the defendant received, via the internet and Limewire, several visual depictions of child pornography, knowing that these visual depictions showed minors engaged in sexually explicit conduct. The visual depictions had been transported in interstate commerce, via the internet, prior to the defendant's receipt and downloading of the images to his hard drive. These visual depictions included, but are not limited to, the following:

    a. "(Pthc) Open f49-I (9 Yo Girl Fucked With 11 Yo Boy) (kleuterkutje) (pedo) (ptsc) (TVG) (babyshivid) (childover)(r@ygold)(nablot)(st peter.mpg), a video file depicting a prepubescent male and female engaged in sexual intercourse and masturbation;

    b. Pthc Pedo) ########-########9### ####### ####### ## ###### (####,####,#######,#########).AVI," a video file depicting two prepubescent females assisting another prepubescent female masturbate using a sex toy; and

    c. PTHC 003 I'm Sara, and I eat cum 2.avi," a video file depicting a prepubescent female masturbating an adult male.

    10. Between August 8, 2008, and January 26, 2009, the defendant used an interactive computer service to transport obscene materials consisting of images of bestiality involving adults and children under the age of eighteen, to Madison County, Illinois, within the Southern District of Illinois. The visual depictions and video files of bestiality found on the defendant's hard drive had been received by the defendant via the internet. The defendant then downloaded the files onto his computer. The defendant knew at the time he downloaded these visual depictions and/or video files

that they contained obscene images involving adults and/or children under the age of 18 engaged in sexual acts with animals. These obscene images included, but are not limited to, the following:

   a. "Dog fucks me on my webcam.mpg," a video file depicting a young female engaged in sexual intercourse with a male dog;

   b. "9yo_jenny_smiling_with_doggie_cock_in_her_face..JPG," a digital image depicting a naked prepubescent female holding a dog's penis near her mouth; and

   c. "1st dog bj.jpg," a digital image depicting a female engaged in oral sex with a dog.

11. The Western Digital 320 gigabyte hard drive, bearing serial number WMAV24522150, was manufactured in Japan. Therefore, the items of child pornography that the defendant both received and possessed were produced using materials that were mailed, shipped or transported in interstate commerce.

12. This stipulation of facts is intended only to provide the Court with a sufficient foundation to accept the defendant's guilty plea and is not necessarily an exhaustive account of the defendant's criminal activity.

<b><u>SO STIPULATED:</u></b>

_____  
THOMAS E. LOWERY  
Defendant

by: _____  
ANGELA SCOTT  
Assistant United States Attorney

_____  
DANIEL CRONIN  
Attorney for Defendant

Date: 6-23-10

Date: 6-23-10