AO 245B      (Rev. 09/08) Judgment in a Criminal Case
             Sheet 1

# UNITED STATES DISTRICT COURT

### Southern District of Illinois

**FILED**
JAN 0 7 2011
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br><br>THOMAS E. LOWERY | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:   10-30012-001-MJR<br><br>USM Number:   08572-025<br><br>Daniel G. Cronin<br><span style="font-size:small">Defendant's Attorney</span> |

## THE DEFENDANT:

☒ pleaded guilty to count(s)      1, 2, and 3 of the Indictment

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2252(a)(4)(B) | Possession of Child Pornography | 04/22/2009 | 1 |
| 18 U.S.C. § 2252(a)(2) | Receipt of Child Pornography | 03/29/2009 | 2 |
| 18 U.S.C. § 1462 | Possession of Obscene Materials | 08/28/2008 | 3 |

        The defendant is sentenced as provided in pages 2 through      6      of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)                              ☐ is      ☐ are   dismissed on the motion of the United States.

        It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

January 06, 2011
Date of Imposition of Judgment

Signature of Judge

MICHAEL J. REAGAN, U.S. DISTRICT JUDGE
Name and Title of Judge

1-7-2011
Date

AO 245B    (Rev. 09/08) Judgment in Criminal Case
           Sheet 2 - - Imprisonment

DEFENDANT:        THOMAS E. LOWERY
CASE NUMBER:      10-30012-001-MJR

# IMPRISONMENT

   The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

151 Months, this term consists of 120 months in Count 1, 151 months on Count 2, and 60 months on Count 3, to run concurrently.

  ☐ The court makes the following recommendations to the Bureau of Prisons:

  ☒ The defendant is remanded to the custody of the United States Marshal.

  ☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at       ☐ a.m. ☐ p.m. on

    ☐ as notified by the United States Marshal.

  ☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on          to

a            , with a certified copy of this judgment.

                UNITED STATES MARSHAL

        By

             DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___6___

DEFENDANT:        THOMAS E. LOWERY
CASE NUMBER:      10-30012-001-MJR

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
Life. This term consists of a term of Life on Counts 1 and 2 and a term of 3 years on Count 3, to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 52 tests in one year.

☐  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒  The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☒  The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐  The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B      (Rev. 09/08) Judgment in a Criminal Case
             Sheet 3C — Supervised Release

Judgment —Page    4    of    6

DEFENDANT:        THOMAS E. LOWERY
CASE NUMBER:      10-30012-001-MJR

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall pay any financial penalty that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.  Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be paid in equal monthly installments of $25 or ten percent of his net monthly income, whichever is greater, over a period of 24 months, to commence 30 days after release from imprisonment to a term of supervision.

The defendant shall provide the probation officer and the Financial Litigation Unit of the United States Attorney's Office with access to any requested financial information.  The defendant is advised that the probation office may share financial information with the Financial Litigation Unit.

The defendant shall apply all monies received from income tax refunds, lottery winnings, judgments, and/or any other anticipated or unexpected financial gains to the outstanding court-ordered financial obligation. The defendant shall immediately notify the probation officer of the receipt of any indicated monies.

Based on his mental health diagnosis of major depressive disorder,  the Court has reason to believe that the defendant is in need of mental health treatment. The defendant shall undergo a mental health assessment and participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.  This may include a psychiatric evaluation and may require participation in a medication regiment.  The defendant shall follow the medication regiment as prescribed by a licensed practitioner, at the direction of the probation officer.  The defendant shall pay for the costs associated with services rendered for counseling and/or testing based on a copay sliding fee scale, as directed and approved by the United States Probation Office.  The copay shall never exceed the total costs of counseling.

The defendant shall participate in an approved sexual offender treatment program, as directed by the probation officer.  If deemed necessary, the defendant shall submit to an approved, sexual-predator evaluation.  The defendant shall abide by all rules, requirements, and conditions of the treatment program, including submission to polygraph and/or plethysmograph examination, at his own expense, to determine compliance with the conditions of release.  The defendant shall remain in the program until successfully completed, or until such time as the defendant is released from the program by the Court and/or probation officer. The defendant shall pay for the costs associated with the treatment program based upon a copay sliding fee scale. The copay shall never exceed the total cost of the program.

The defendant shall refrain from accessing any "material" that relates to the activity in which he was engaged in during the commission of the instant offense, namely possession of child pornography, via any personal computer and/or electronic device capable of accessing the Internet, World Wide Web, and Electronic Mail.  The defendant shall not install any file sharing programs on his computer or use any file sharing programs.

The defendant shall permit the probation officer to have access to any personal computer and/or electronic device capable of accessing the Internet, World Wide Web, and Electronic Mail.  The defendant shall also allow the probation officer or designee to conduct regular searches of his computer using software monitoring devices if determined necessary by the probation officer.  While on supervised release, the defendant shall advise the probation officer of all e-mail addresses used on both public and private computers.  The defendant shall consent to third-party disclosure to any employer or potential employer, concerning any computer-related restrictions that may be imposed.  The defendant shall warn other residents or occupants of his home that computer systems will be subject to inspection by the probation officer and/or authorized contractor.

Based on the instant offense, the defendant shall submit his person, residence, real property, place of business, computer, or vehicle to a search, conducted by the United States Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation.  The defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

The defendant shall participate as directed and approved by the probation officer in treatment for narcotic addiction, drug dependence, or alcohol dependence, which includes urinalysis or other drug detection measures and which may require residence and/or participation in a residential treatment facility, or residential reentry center.  The number of drug tests shall not exceed 52 tests in a one-year period.  Any participation will require complete abstinence from all alcoholic beverages The defendant shall pay for the costs associated with substance abuse counseling and/or testing based on a copay sliding fee scale as directed and approved by the United States Probation Office. The copay shall never exceed the tatal costs of counseling.

AO 245B     (Rev. 09/08) Judgment in a Criminal Case
             Sheet 5 — Criminal Monetary Penalties

Judgment — Page     5     of     6

DEFENDANT:           THOMAS E. LOWERY
CASE NUMBER:         10-30012-001-MJR

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $  300.00 | $  300.00 | $ |

☐   The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $                    $0.00 | $            $0.00 | |

☐   Restitution amount ordered pursuant to plea agreement   $

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐   the interest requirement is waived for the   ☒ fine   ☐ restitution.

☐   the interest requirement for the   ☐   fine   ☐   restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments

|  |  | Judgment — Page | 6 | of | 6 |
| --- | --- | --- | --- | --- | --- |

DEFENDANT:          THOMAS E. LOWERY
CASE NUMBER:       10-30012-001-MJR

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

    All criminal monetary penalties are due immediately and payable through the Clerk, U.S. District Court.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
    Any and all material that contained any images of child pornography and any and all property used and intended to be used in any manner or part to commit and to promote the commission of the aforementioned offenses

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.